James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
RICHARD REED and DONNA REED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| RICHARD REED, an individual, and DONNA REED, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>A.S.A.P. COLLECTION SERVICES, LLC, a California Limited Liability Company; KELSTIN GROUP, INC., a California Corporation, dba Credit Bureau Associates; TERRY A. DUREE, INC., a California corporation;  TERRY A. DUREE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br>_____/ | Case No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiffs RICHARD REED and DONNA REED, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiffs or their attorneys (which are alleged on personal knowledge), hereby make the following allegations:

INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees, and costs of suit brought by individual consumers for Defendants' violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA). This court is expressly authorized to hear this case by an Act of Congress which created a specific and uniquely federal right or remedy.

## VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

## PARTIES

7. Plaintiff RICHARD REED is a natural person residing in Contra Costa County, California. Mr. Reed is the spouse of Plaintiff DONNA REED. Mr. Reed is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8. Plaintiff DONNA REED is a natural person residing in Contra Costa County, California. Ms. Reed is the spouse of Plaintiff RICHARD REED. Ms. Reed is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

9. Defendant A.S.A.P. Collection Services, LLC (ASAP) is a California Limited Liability Company operating out of San Jose, California. ASAP may be served by serving its Registered Agent, Craig Gorewitz, whose business address is listed on the Secretary of State's website as 331 Piercy Road, San Jose CA 95138. ASAP is engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. ASAP regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. ASAP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant KELSTIN GROUP, INC. (KELSTIN) is a California corporation engaged in the business of collecting debts in this State with its principal place of business located in Fairfield, California. KELSTIN may be served by serving its Registered Agent, Justin R. Cullum, whose business address is 460 Union Ave., Suite C, Fairfield CA 94533. KELSTIN sometimes uses the fictitious business name CREDIT BUREAU ASSOCIATES. The principal business of KELSTIN is collection of consumer debts and filing and maintaining civil debt

collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. KELSTIN regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt collection lawsuits. KELSTIN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. Defendant TERRY A. DUREE, INC. (TAD) is a California corporation operating out of Fairfield, California. TAD may be served by serving its Registered Agent, Terry A. Duree, at 622 Jackson Street, Fairfield CA 94533. TAD is engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. TAD regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. TAD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. Defendant TERRY A. DUREE is an individual who may be served by serving him at his business address at 622 Jackson Street, Fairfield CA 94533. DUREE is a licensed attorney who is engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. DUREE regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. DUREE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive,

are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

14. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including Contra Costa County and Alameda County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

15. Plaintiffs are informed, believe and thereon allege, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

16. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

**FACTUAL ALLEGATIONS**

The Underlying Alleged Debt

17. Plaintiffs are alleged to have incurred a financial obligation, namely Homeowner Association (HOA) dues, assessments, late fees, collection fees and contractual interest in connection with a house they owned in the City of Danville

in Contra Costa County, California and Blackhawk Homeowners Association ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. As entities seeking fees initially allegedly owed to an HOA, defendants may not collect or attempt to collect fees prohibited by the Davis-Stirling Act.[1] In particular, defendants may not seek collection fees not actually incurred by the HOA.[2]

19. The Collection Service Agreement, Assessment Lien Agreement and Foreclosure Service Agreement (hereinafter "Agreement") between ASAP and the HOA in effect from as early as 2005 and until about June 2016 provided that ASAP would collect amounts allegedly owed by a homeowner (such as plaintiffs REED and all others similarly situated) to the HOA without charge to the HOA and without the HOA incurring any fees or costs for such collection. Instead, the HOA would charge all collection costs and fees directly to the homeowner.

20. Specifically, paragraph 8 of the Agreement provided that the HOA would not be responsible for the payment of fees and costs for services provided by ASAP or by the company which ASAP used to process foreclosure paperwork.

21. In addition, paragraph 11.h. provided that the HOA would not incur any fees or costs if ASAP hired a separate company (such as KELSTIN) to collect directly from homeowners such as plaintiffs REED and all others similarly situated, including costs and fees incurred in filing lawsuits. IN addition to collecting the collection fees and costs ASAP tacked on to homeowners' accounts,

---

[1] California Civil Code section 4000 *et seq.*

[2] *Brown v. Professional Community Management, Inc.* (2005) 127 Cal.App.4th 532, 539 (third party vendor's fees are "illegal" if they exceed the HOA's costs).

ASAP would be entitled to 50% of the amount collected, *after* the collection fees and costs were paid.

22. The California Court of Appeal has found that third-party vendor fees charged to the homeowner but not incurred by the HOA are "illegal" under the Davis-Stirling Act. *Brown v. Professional Community Management, Inc.* (2005) 127 Cal.App.4th 532, 539.

23. ASAP demanded such "illegal" collection fees from plaintiffs on multiple occasions prior to engaging the services of KELSTIN to file a state court lawsuit against plaintiffs. During the month of August, 2015, ASAP engaged the services of KELSTIN to collect from plaintiffs and if necessary to file a lawsuit against plaintiffs in state court.

24. In about January 2016, in response to collection attempts by KELSTIN, plaintiffs notified KELSTIN orally and / or in writing that the amount sought by KELSTIN and ASAP was in dispute.

25. Plaintiffs are informed and believe and thereon allege that no defendant ever reported to credit report agencies that the consumer disputed the amount owed on the account.

26. Plaintiffs are informed and believe and thereon allege that defendants, and each of them, failed to report to credit report agencies that the consumer disputed the amount owed on the account within a reasonable time of having received the consumer's dispute, whether oral or in writing.

27. On February 1, 2016, KELSTIN filed a lawsuit against these named plaintiffs, seeking, among other things, the unlawful collection fees disallowed under the Davis-Stirling Act. Under the Collection Agreement in place between ASAP and the HOA at that time, ASAP would receive 50% of any proceeds from the lawsuit, after ASAP's collection fees and costs were paid to ASAP, and a shared percentage of the debt was paid to KELSTIN. Therefore KELSTIN was acting on behalf of itself and on behalf of ASAP as it attempted to collect from plaintiffs.

- 7 -
COMPLAINT

28. Defendants' multiple acts of misconduct during the litigation are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[3] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[4]

29. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined at trial.[5]

30. Plaintiffs are informed and believe, and thereon allege, that Defendants have collected or attempted to collect unlawful collection fees and costs on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiffs may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiffs bring the first claim for relief against Defendants KELSTIN, ASAP, TAD and DUREE under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

32. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

33. Plaintiff RICHARD REED is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

---

[3] 15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[4] *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

[5] *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

34. Plaintiff DONNA REED is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

35. Defendant ASAP is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

36. Defendant KELSTIN is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

37. Defendant TAD is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

38. Defendant DUREE is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

39. The financial obligation sought to be collected from Plaintiffs is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).[6]

40. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

    a. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. communicating or threatening to communicate credit information known to be false, in violation of § 1692e(8);

    c. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

41. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

---

[6] *Thies v. Law Offices of William A. Wyman* (SD Cal 1997) 969 F.Supp. 604.

42. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

43. Courts have found that by their very nature, abusive, deceptive or unfair debt collection practices are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance.[7]

44. Pursuant to California Civil Code § 3345, Plaintiff RICHARD REED is entitled to an award of up to three times greater than the amount authorized by 15 U.S.C. § 1692k, because at all times relevant hereto, plaintiff RICHARD REED was 65 years of age or older, and disabled, and actually suffered financial harm in the form of loss of property for personal or family care and maintenance, and assets essential to the health and welfare of plaintiff.

## UNFAIR BUSINESS PRACTICES

45. Plaintiffs bring the second claim for relief against Defendants ASAP, KELSTIN, TAD and DUREE for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 et seq., which prohibits all unlawful business acts and/or practices.

46. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

47. The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

48. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

---

[7] *Deeters v. Phelan Hallinan & Schmieg, L.L.P.*, 2013 WL 6524625 (W.D. Pa. Dec. 12, 2013.

49. Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore per se violations of § 17200 *et seq.* As described in more detail above, Defendants violated 15 U.S.C. §§ 1692d and 1692e. Defendants' conduct was likely to deceive consumers as to their legal rights and obligations concerning how debts can be collected.

50. The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiff and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

51. As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiffs have sustained actual pecuniary loss in that they incurred costs of suit and attorney fees for representation in the state court case and the filing of this lawsuit. Plaintiffs are direct victims of Defendants' unlawful conduct, as alleged herein, have suffered injuries in fact and have lost money or property as a result of Defendants' violations of the FDCPA and Defendants' unfair competition.

## REQUEST FOR RELIEF

Plaintiffs request that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants KELSTIN, TAD and DUREE violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10) and 1692f;

c) Award Plaintiffs actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiffs statutory damages in an amount not exceeding $1,000 each, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff RICHARD REED an award of up to three times greater than the amount authorized by 15 U.S.C. § 1692k, pursuant to California Civil Code § 3345;

f) Award Plaintiffs the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1021.5, (*see* 15 U.S.C. § 1692k(a)(3)); and

g) Award Plaintiffs such other and further relief as may be just and proper.


DATED: December 5, 2016           \_\_\_\_/s/ James A. Michel_____
                                  JAMES A. MICHEL
                                  State Bar No. 184730
                                  2912 Diamond St #373
                                  San Francisco CA 94131
                                  Tel. # 415/ 239-4949
                                  Email: attyjmichel@gmail.com

                                  Attorney for Plaintiffs
                                  RICHARD REED and
                                  DONNA REED


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs RICHARD REED and DONNA REED hereby demand a trial by jury of all triable issues of fact in the above-captioned case.


DATED: December 5, 2016           \_\_\_\_/s/ James A. Michel_____
                                  JAMES A. MICHEL