UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REED, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>A.S.A.P. COLLECTION SERVICES, LLC, et al.,<br><br>      Defendants. | Case No. 16-cv-06983-VC<br><br>**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 54, 59 |
| RICHARD REED, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>TERRY A. DUREE, et al.,<br><br>      Defendants. | Case No. 16-cv-07041-VC |

Donna and Richard Reed, the plaintiffs in these consolidated cases, have alleged that A.S.A.P. Collection Services, LLC, Kelstin Group, Inc., Terry A. Duree, Inc., and Terry A. Duree have violated the Fair Debt Collection Practices Act in connection with efforts to collect unpaid homeowners association dues. Each cross-motion for summary judgment is granted in part and denied in part.

    1. The Reeds argue that the defendants have violated the FDCPA because during litigation in state court the defendants misstated that Blackhawk Homeowners Association was not represented when submitting a notice to substitute in Duree as Blackhawk's attorney. *See* Michel Decl. Ex. 104. But false statements must be materially misleading to violate section 1692e of the FDCPA, and the Reeds have not explained how this statement could possibly be

materially misleading. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) ("We are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."). Thus, judgment on this issue is granted to the defendants.

    2. The Reeds argue that Blackhawk, through A.S.A.P. Collection, filed an invalid assignment of judgment to Kelstin on November 9, 2015. Michel Decl. Ex. 107. The assignment of judgment was invalid, the Reeds argue, because Blackhawk had already assigned the same December 2013 judgment to KelKris Associates, Inc. in January 2015. Michel Decl. Ex. 105; Ellis Decl. Ex. 21. Although this false statement occurred slightly more than a year before the plaintiffs brought suit, and the FDCPA has a one-year statute of limitations period, that period is tolled until a plaintiff discovers or could reasonably discover the violation. On the limited record provided here, the Court cannot say as a matter of law that the statute of limitations bars the plaintiffs from asserting a FDCPA violation based on this conduct. *See Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016). Regardless, the evidence provided by the plaintiffs suggests that Kelstin has been attempting to collect from Donna and Richard Reed even though it did not (or does not) own the debt at issue. No doubt these efforts would also violate the FDCPA. *See* 15 U.S.C. § 1692e(2)(A). (It appears that Kelstin in fact owns the December 2013 judgment against Donna and Richard Reed, but the evidence is not clear. The sale agreement between KelKris and Kelstin, from December 2014, predates the assignment of the judgment from Blackhawk to KelKris in January 2015. Ellis Decl. Ex. 43.) Thus, summary judgment is denied to both sides on the issue of whether the defendants have violated the FDCPA by making false statements as to the ownership of the 2013 judgment and by attempting to collect on a debt that Kelstin did not in fact own.

    3. The Reeds argue the defendants violated section 1692e(2)(A) by miscalculating and then misstating the interest that had accrued on the 2013 judgment. *See* Ellis Decl. Exs. 29-30; Michel Decl. Ex. 109. The defendants admit that Kelstin miscalculated the amount of interest that had accrued, and Kelstin, Terry A. Duree, Inc., and Duree subsequently misstated the

amount of accrued interest when seeking a writ of execution from the state court. *See, e.g.*, Ellis Decl. Ex. 8, Dean Decl. ¶¶ 9-13; Ellis Decl. Ex. 9, Duree Decl. ¶ 7. These misstatements clearly violate section 1692e(2)(A). Thus, the plaintiffs' motion is granted on this issue.

But the defendants argue that Kelstin, Terry A. Duree, Inc., and Duree avoid liability because any violations on their part were bona-fide errors. Granting summary judgment to either side on the bona-fide error defense would be inappropriate. The bona-fide error rule requires the defendant to show that the error was (1) unintentional, (2) bona fide, and (3) made despite the maintenance of procedures reasonably adapted to avoid that error. Under the circumstances, it seems highly unlikely the defendants will be able to prevail on a bona-fide error defense, given the frequency with which the defendants have filed documents in court with misstatements of fact. However, the defendants have provided some evidence that Terry Duree, Terry Duree, Inc., and the Kelstin Group had procedures in place to properly calculate the interest on judgments it owned. They also present some evidence to suggest any mistake was inadvertent. *See, e.g.*, Ellis Decl. Ex. 9, Parsons-O'Brien Decl. ¶¶ 5-6; Ellis Decl. Ex. 8, Dean Decl. ¶¶ 9-13; Ellis Decl. Exs. 20, 24, 26. Therefore, although it's a close question whether to grant summary judgment to the Reeds, the question whether this was a bona-fide error must go to a jury.

4. Although the Reeds offer in their motion a number of alternative reasons why the defendants violated the FDCPA, they have not provided sufficient evidence to support these claims. For example, when arguing that Duree misrepresented his involvement in the November 2015 memorandum of costs, the Reeds' brief cites exhibit 102 of the Michel Declaration, which is the transcript of Terry A. Duree's deposition. No pinpoint citation is provided. The transcript largely refers to documents discussed during the deposition as pages to a single exhibit, and it does not include other testimony that clarifies exactly what document is being discussed. And the exhibit to the deposition is not in the record. Thus, summary judgment is granted to the defendants on these remaining bases for finding FDCPA liability.

5. The Reeds argue that a jury should determine whether they are entitled to damages due to emotional distress they suffered because of the defendants' alleged FDCPA violations.

But the Reeds have not put forth any evidence suggesting that they in fact suffered emotional distress; Richard Reed's statement that "my wife Donna and I suffered actual damages, in the form of emotional distress, in an amount to be proven in a damages phase of this case at trial" is the type of "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence" that does not "create a genuine issue of material fact." Reed Decl. ¶ 13; *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

6. Duree and Terry A. Duree Inc., relying on *Clark v. Capital Credit & Collection Servs.*, Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006), argue that they cannot be held liable for their actions "taken in reasonable reliance upon information provided by their clients." Defs' Opp'n at 14. *Clark* does not stand for this proposition; *Clark* merely discusses what a debt collector must do when a debtor has requested verification of the debt at issue. 460 F.3d at 1173-74.

7. The defendants also argue that the *Noerr-Pennington* doctrine precludes finding the defendants liable. But the *Noerr-Pennington* doctrine, "which requires federal statutes be construed to avoid burdening conduct that implicates the protections afforded by the First Amendment's Petition Clause, is not a defense to an FDCPA claim, at least where the claim is based on the defendant's having made false statements in connection with a court proceeding." *Marie v. Legal Express, Ltd.*, No. 15-CV-3977 MMC, 2015 WL 7454147, at *2 (N.D. Cal. Nov. 24, 2015) (internal quotation marks omitted).

8. Finally, the *Rooker-Feldman* doctrine does not present a jurisdictional bar to these two suits. *See* Case No. 16-CV-7041, Dkt. No. 38, Order Denying Motion to Dismiss; *see also Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015); *Garduno v. Autovest LLC*, 143 F. Supp. 3d 923, 927 (D. Ariz. 2015).

**IT IS SO ORDERED.**

Dated: July 12, 2018

VINCE CHHABRIA
United States District Judge