UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REED, et al., <br><br>       Plaintiffs, <br><br>       v. <br><br> A.S.A.P. COLLECTION SERVICES, LLC, et al., <br><br>       Defendants. | Case No. 16-cv-06983-VC <br><br> **ORDER RE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. Nos. 70, 72 |

The motion for reconsideration is granted in part and denied in part.

The Court improperly granted summary judgment to the defendants on the issue of emotional distress damages and on certain claims that were not supported by evidence in Donna and Richard Reed's summary judgment motion. Dkt. No. 70, ¶¶ 4-5. The defendants did not move for summary judgment on the ground that the Reeds could not establish a genuine issue of material fact as to these issues at trial. *See* Dkt. No. 61, Defs.' Mot. & Opp'n 19. And before granting summary judgment to the defendants sua sponte, the Court should first have given the Reeds notice and an opportunity to address the Court's concern that the Reeds lacked sufficient evidence to proceed to trial on these issues. *See, e.g.*, *Kassbaum v. Steppenwolf Productions, Inc.*, 236 F.3d 487, 494-95 (9th Cir. 2000). Thus, paragraphs four and five of the summary judgment order are stricken.

The Reeds also request that the Court now grant summary judgment to them on some of these same claims. This request is denied. If the Reeds wanted the Court to resolve these claims in their favor on summary judgment, they should have supported their motion for summary

judgment with appropriate citations to the record.

The following issues will be adjudicated at trial (although it is possible that some of these issues may be narrowed or eliminated by the parties' motions in limine).

1. Whether the defendants' miscalculation of accrued interest on the 2013 judgment "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. 1692k(c).

2. Whether the defendants are liable under the Fair Debt Collection Practices Act for making false statements as to the ownership of the 2013 judgment and by attempting to collect on a debt that Kelstin Group, Inc. did not in fact own.

3. Whether the defendants are liable under the FDCPA because Terry A. Duree signed documents used to collect debts owed by the Reeds that he had neither drafted nor carefully reviewed.

4. Whether the defendants are liable under the FDCPA for serving notice of a hearing on the Reeds at their prior residence and not their current residence.

5. Whether the defendants are liable under the FDCPA for collecting fees that were prohibited by the Davis-Stirling Act.

6. Whether the defendants are liable under the FDCPA for making misrepresentations in state court during the March 2017 trial in *Kelstin Group v. Reed*.

**IT IS SO ORDERED.**

Dated: August 3, 2018

_____
VINCE CHHABRIA
United States District Judge